## GORDON v. PRESTON.

Statute of limitation—debt—pleading—certainty—demurrer—judgment.

The act of limitations in Ohio of 1810, did not provide any bar for debt on simple contract, except for rent.

A plea of the statute of limitations of a foreign state, is bad, unless it describe its terms with such certainty, that the court may know the provisions relied upon.

A demand to take a case out of the statute, made before the law passed, providing that mode of taking a case out of the statute, is not good.

Since 1830, contracts made in other states between their citizens, which are barred by their laws, are held barred in Ohio.

A statute will not be construed to have a retroactive operation, if to be avoided.

Where a note is payable on demand, it is not due until demanded.

On demurrer, the court look to the first fault in pleading, and give judgment accordingly.

Error. Preston brought debt in the court below on a note dated the 15th May, 1818, payable on demand, with interest, and for money had and received.

Gordon pleaded nil debet, on which issue was joined. He also pleaded several special pleas, viz:

1. That the contract was made in New Hampshire, and accrued to the plaintiff in that state six years before the 29th June, 1825, and is barred by the act of that state of 15th January, 1791.

2. Setting forth the New Hampshire act of 30th June, 1825, barring such demands in six years, avers a demand of the note six years before suit, and so the contract which was made in Ohio, viz: in New Hampshire, where the parties resided, accrued six years before the suit was brought.

3. The same as the last, omitting the *demand.*

4. Nil debet within six years, before 31st May, 1824.

5. Non assumpsit within six years, before 30th May, 1824.

6. That there was a demand of payment the 16th May, 1818, and the suit was not brought within six years thereafter.

7. Actio non accrevit within six years next before the 24th May, 1830, and that the action accrued before that time.

8. That the debt was demanded 30th May, 1824, and did not accrue six years before.

Replication to the second and third pleas: That, by the law of New Hampshire, of the 30th June, 1825, if the debtor reside or is out of the state, without leaving property liable to attachment, the creditor may recover within six years, exclusive of the time the debtor was out of the state without property within, and avers that defendant removed from New Hampshire to Ohio, on the 19th October, 1819, leaving no property subject to attachment, and has ever since resided out of the state.

General demurrer to the first, fourth, fifth, sixth, seventh and eighth pleas, and joinder.

[Gordon v. Preston.]

Rejoinder, that defendant did own and leave property in New Hampshire, subject to attachment.

Special demurrer to the rejoinder: 1. Because it does not show the property with certainty. 2. Because it does not describe the property.

The Court of Common Pleas sustained these demurrers, and rendered a final judgment on the plea of *nil debet*. In this it is claimed they erred.

By the Court. This contract was made in 1818, and so far as it is affected by the general acts of limitation in Ohio, is within the act of 1810; 8 *O. L.* 62. By that law, *debt upon simple contract, except for rent, is not barred at all*. Debt on specialty is barred in fifteen years. That act was wholly repealed in 1824, (22 *O. L.* 326) except as to actions barred under it. It was revived and made operative as to causes existing within its time, the 8th February, 1826. The demurrer, therefore, to the fourth, fifth, sixth, seventh and eighth pleas, was well taken, and the court did not err in so deciding. The first plea is also bad, because it sets up the statute of a foreign state, without disclosing its terms, so that the court can be advised of its provisions.

The second plea is no bar to the action, because the demand averred to have been made six years before the suit was brought, appears to have been made before the passage of the act relied upon to bar the suit. The act of assembly of the 22d February, 1830, (28 *O. L.* 34; and 29 *O. L.* 215) enacts, for the first time in this state, that actions founded on contracts, made by non residents, and barred by the laws of the country where made, shall continue barred when sued in this state. The limitation relied upon, is *six years*, and the plea avers a demand six years before suit brought. The suit was brought in March, 1831, six years before which would carry the demand back to a period before the passage of the law, and throw the cause upon the statute of New Hampshire of 1791, which is defectively set out; or, make the act of June, 1825, retroactive. The third plea is still worse, omitting to aver a demand on the note payable on demand, and therefore, showing that no cause of action had accrued. As these pleas are bad, it is unnecessary to inquire whether the rejoinders are good. We look to the first fault.

The judgment is affirmed, with costs.